*339 The Chief Justice delivered the opinion of the court.
By the certiorari issued in this case, and directed to John Atkinson, Esquire, one of the justices of the peace of the county of Burlington, he was required to certify to this court “a return list of delinquents of the first battalion of the third regiment of the Burlington brigade of militia, and of the fines imposed by the company court of the first company of the said battalion, on certain delinquents in the said return list of delinquents named, and also the execution issued by him against the persons named in the said return list of delinquents.” In obedience to the writ, the justice has sent here a copy of the execution issued by him, tested on the twenty-ninth day of October, 1825, together with the original return list, handed to him by the paymaster, and upon which is endorsed these words, “ Beturns for militia fines by George Aaronson, paymaster, filed October 29th, 1825.” The execution is in the form prescribed by the fourteenth section of the act establishing a militia system, Rev. Laws 582. The paper annexed, and called the return list, is as follows. At the top is a certificate in the following words : “ I do certify this to be a true list of all the delinquents returned in the second company of the *first battalion of the third regiment of the Burling- [*273 ton brigade. August 1st, 1825. Joseph Staekhos, Major.” Beneath this certificate are a number of names, standing in two columns, and opposite to some the figure one, to others, the figure two, and to others the figure three, in a single column, and without the slightest letter, or mark, or indicium, to shew whether days of absence, or dollars of fine, or whatever else, these figures may have been intended to denote.
By the act of the legislature already mentioned, the course of proceeding to entitle a paymaster to claim, and a justice of the peace to issue, an execution against persons delinquent in the performance of militia duty, is very *340 plainly and distinctly prescribed. On every day of training, the orderly or first sergeant of every troop or company, in the presence of the captain or commanding officer, one hour after the time appointed for the meeting, and also after the exercise is over and before the men are dismissed, is to call ovér the muster-roll of the troop or company, noting those who are absent at each .roll-call, and those who are deficient in arms or equipments, and the particular article or articles for want of which they are liable to be fined. Six days prior to the day appointed for the meeting of the company court, the sergeant is to put up in three public places within the bounds of the company, written or printed notices, of the names of the delinquents, of the amount of the fine or fines by them incurred, and of the day when and the place where the company court will meet. A true and particular return of all the delinquents and deficiencies is to be made, to the president of the company court, by the sergeant, under oath or affirmation, the ■form of which, at length, is prescribed in the eighth section of the act. The company court is composed of the commissioned officers of each company ; the officer first in rank to be president; and in case but one officer shall attend, he is to call to his assistance two respectable enrolled persons from the list of the company. The persons composing the court are to take an oath or affirmation, the form of which is also given at large in the ninth section. This court is to assemble on the fourth Monday of June in every year; and to hear the testimony and allegations of all such parties, appearing by themselves or representatives, as have been returned delinquent at the preceding trainings, and to impose such fines and forfeitures, as in justice and equity, the act for the *274] regulation of .the militia requires. * Within ten days thereafter, the president of the court is to make “an accurate return to the major or commanding officer of the battalion, of the names of all delinquents, and the sum imposed . on each by the said company court.” On the first Monday *341 of August in every year, is to meet, a court called the battalion court of appeal, and to ho composed of tho major or commanding officer of the battalion, the surgeon or surgeon’s mate, and the senior captain, or in case of his absence, sickness or inability, the next captain in rank, of the battalion. With the exception of the case of permanent inability, when this court may give to an applicant a certificate of discharge from military duty, the functions of this court are strictly those of appeal. They have no original jurisdiction to impose fines for absence or defect of equipment. If no fine has been imposed by the company court, this court can impose none. “ All persons believing themselves aggrieved by fines and forfeitures imposed on them by the company court, may, by himself or friend, apply to the said battalion court of appeal, who are vested with full power and authority to hear and decide upon the excuses offered, and to remit any fines and forfeitures, for reasons which shall appear to them reasonable.” Within ten days after holding the battalion court the major or president of the court is to make two accurate returns of the names of delinquents, and the fine imposed on each, one of w'hich he is to deliver to the battalion paymaster, and the other to the brigade paymaster. The return thus to be made by the major or president of the battalion court, is to contain a schedule or list of tho names of all the delinquents of that battalion, with a statement of the sum imposed on each, and will be composed from tho returns made by the respective presidents of the company courts, with such alterations as are rendered necessary by the remissions, if any, of fines and forfeitures made by the battalion court; and to the list is to be prefixed or subjoined, a certificate, to be signed by the major or presiding officer, that tho names therein contained are the names of the persons delinquent and deficient in military duty and equipments in that battalion, (which should be properly designated); that the sums set opposite to their names *342 are the fines imposed upon them respectively ; and that the persons named in the said schedule or list, have been duly adjudged for deficiency in military duty and equipments to pay the fines to their names respectively subjoined. Immediately after the first Monday of September then *275] *next ensuing, the battalion paymaster is to deliver to a j ustice of the peace, the said return list, first writing thereon the word, paid, opposite the names of those persons who shall have discharged their fines; and the justice is forthwith to issue execution against the person or persons n'amed in the said return list, opposite to whose names shall not be written as aforesaid, paid, for the fines annexed to their respective names, with costs.
From this review of the provisions of the act and of the procedure thereby directed, it will be seen that before the justice is authorized to issue execution against the delinquents, a proper return list, as it is called, such an one as I have described, must be delivered to him by the proper officer. The mere form of this list is not essential, but the substance of what has been stated is indispensable. A due certificate must be made to the justice, of the names of the delinquents and of the fines imposed on them respectively. No verbal information from the paymaster can supply its absence or defect. The return list, with its proper accompanying certificate, is the evidence, and the only competent evidence to him, of the recital contained in the execution, according to the form prescribed in the act, that the persons against whom the execution is issued have been duly adjudged to' pay the fines subjoined to their names. Without such evidence before him, the justice has no authority to issue an execution. The execution would have no legal basis to sustain it. Such is the rule sanctioned and adopted in the case of The State v. Kirby, 1 Halst. 143, and it is sustained by the clearest- and most certain principles of law.
In the case before us, no such return list as is contemplated by the act, was made by the major, or delivered by the *343 paymaster to the justice. The latter issued the execution which is brought before us, upon a paper which is neither in form nor substance a compliance with the act. The major simply certifies the list to be a true list of all the delinquents returned in a particular company. He does not certify that any fine was imposed upon any one of them, or that any one of them had been adjudged to pay a fine. The orderly sergeant, it has been seen, is to make a return of all the delinquents of his company. The delinquents thus returned may be “ the delinquents returned,” as mentioned in the certificate of the major. The certificate may be literally true, and yet no fine may have been imposed, and no court, either of company or battalion, may have assembled. The execution, therefore, was *mani- [*276 festly issued irregularly, without proper authority, and ought, as to the person complaining, to be quashed.
Let the execution as to George W. Atkinson, the prosecutor of the certirorari, be quashed.